IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH W. RAYBON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 04-0274-BH-L |
| ) | |
| CONTINENTAL TIRE NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant ) | |

**ORDER**

This matter is before the Court on Defendant Continental Tire North America, Inc.'s (hereinafter, "CTNA") Motion (Doc. 45) for Summary Judgment as to its Counterclaim (Doc. 9) against Plaintiff Kenneth Raybon (hereinafter, "Raybon") for violation of the Separation Agreement and Release executed on November 10, 2003. Defendant claims that based on the terms of the Separation Agreement and Release, knowingly and voluntarily entered into by the Plaintiff, it is entitled to $63,511.45 for costs and attorney's fees incurred in defending itself against Plaintiff's allegations. Plaintiff has been given the opportunity to respond to Defendant's Motion for Summary Judgment and has elected not to do so.[1] Based upon the following facts and analysis, the Court finds that Defendant CTNA's Motion (Doc. 45) for Summary Judgment as to its Counterclaim is **due to be GRANTED**.

---

[1] Plaintiff's counsel has indicated to the Court that he does not wish to contest Defendant's Motion for Summary Judgment so that this case may be brought to final judgment on all claims and allow him to begin the appeal process.

**FACTS**[2]

1. On November 10, 2003, Plaintiff executed a Separation Agreement and Release (hereinafter, "Separation Agreement"), which included a release of CTNA from all claims arising out of Plaintiff's employment, including Age Discrimination in Employment Act (ADEA) and common law claims. (Proposed Joint Pretrial Order, Doc. 42, ¶ 36).

2. Under the terms of the Separation Agreement, Plaintiff was paid by CTNA, among other benefits, a total of $64,448.13, which was comprised of a Service Award payment of $17,104.98 and a severance benefit of $47,344.15. Plaintiff also applied for and received early retirement pursuant to the Pension Plan for Salaried Employees. Plaintiff continues to receive his early retirement benefit. (*Id*., ¶¶ 38-40).

3. After receiving the severance and other benefits from CTNA, as provided for in the Separation Agreement, Plaintiff brought suit against CTNA in this Court alleging, inter alia, violations of the ADEA and Alabama fraud. (Complaint, Doc. 1).

4. Thereafter, CTNA filed an Answer denying liability and a Counterclaim seeking damages for Plaintiff's breach of the Separation Agreement, including Defendant's expenses, attorneys' fees and costs advanced in defending Plaintiff's lawsuit. (Doc. 9).

5. The parties conducted substantial discovery, pursuant to the Court's scheduling Order, and exchanged interrogatories, requests for production documents, and requests for admissions. Three witnesses were deposed. Following the completion of discovery on December 17, 2004, CTNA

---

[2] These facts are laid out exactly as presented in Defendant CTNA's Motion (Doc. 45) for Summary Judgment. Since Plaintiff has failed to dispute any of these statements, the Court accepts them as truthful.

filed a Motion (Doc. 34) for Summary Judgment with the Court on January 15, 2005.

6. The Court entered an Order (Doc. 43) on March 23, 2005, granting CTNA's Motion for Summary Judgment as to each of Plaintiff's claims against it, including Plaintiff's ADEA and Alabama fraud claims.

7. This Court held that CTNA did not defraud Plaintiff into executing the Separation Agreement, and that Plaintiff knowingly and voluntarily signed the enforceable Separation Agreement.

8. The Separation Agreement states:

> Employee further covenants not to sue or press any administrative charge against Employer or any other party released herein with respect to any claim released pursuant to this Agreement.  Further, Employee agrees not to assist any third party in pursuing a lawsuit, administrative charge, or complaint, or any other action against Employer unless compelled to do so by subpoena.  Moreover, Employee agrees that in the event he/she violates this covenant, Employee will pay and reimburse Employer for all of Employer's expenses and costs incurred defending against such lawsuit, administrative charge, or complaint.

**LEGAL ANALYSIS**

As this Court has already determined (Doc. 43), the Separation Agreement and Release executed by Mr. Raybon and CTNA on November 10, 2003 is valid and was entered into knowingly and voluntarily.  That contract provided for the release of Defendant CTNA from liability to Plaintiff for claims arising from his employment.  Therefore, Plaintiff properly waived his right to sue CTNA for claims arising under the ADEA.  Also included in this valid contract, was the stipulation that if Plaintiff brought an action for any released claims he would be liable for the payment and reimbursement of CTNA for all of its expenses and costs for defending itself against such claims.  Nevertheless, Plaintiff, in this action, brought claims of violation of the ADEA against Defendant CTNA.

It is undisputed that attorney's fees are recoverable under Alabama law as part of the costs of

action when they are provided for by contract. *Hutley v. Regions Bank, et al.*, 807 So.2d 512, 518 (2001). The Alabama Supreme Court further held, "the reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court." *Id*.

Based on the undisputed affidavits of Mr. Wade and Mr. Rosenthal, CTNA has agreed to pay expenses and costs, including attorneys' fees, in excess of $125,314.75 in defense of the claims brought against it by Plaintiff. However, CTNA is not seeking reimbursement for the full amount, rather, is only requesting the significantly reduced amount of $63,511.45. Upon review and consideration of all the evidence presented by Defendant CTNA supporting the calculation of this final total of $63, 511.45, the Court finds that such amount is more than reasonable in this instance. **CONCLUSION**

The Court finds that Plaintiff is contractually obligated to pay and reimburse Defendant CTNA for attorney's fees and costs incurred in defending itself from the claims brought by Plaintiff in violation of the Separation Agreement and Release. The Court also finds that the amount requested by Defendant CTNA to satisfy this obligation, $63,511.45, is reasonable. Therefore, the Court **hereby GRANTS** Defendant CTNA's Motion (Doc. 45) for Summary Judgment.

**So ORDERED**, this 25th day of May, 2005.

**CLERK IS ORDERED TO CLOSE THE CASE**.

s/ W. B. Hand  
SENIOR DISTRICT JUDGE